**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jodie Marie FALLON, Defendant–Appellant.**

No. 92–2676.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 19, 1993.

Decided May 5, 1993.

Brent M. Bloom, Omaha, NE, argued, for defendant-appellant.

Steven A. Russell, Asst. U.S. Atty., Omaha, NE, argued (Ronald D. Lahners, U.S. Atty., and Thomas D. Thalken, Asst. U.S. Atty. on the brief), for plaintiff-appellee.

Before McMILLIAN, MAGILL, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

Jodie Marie Fallon is a federal inmate serving a ten-year sentence imposed after she pleaded guilty to knowing possession of an unregistered destructive device. *See* 26 U.S.C. § 5861. She appeals the district court's denial of her latest petition for a writ of habeas corpus under 28 U.S.C. § 2255. Concluding that this petition is an abuse of the writ, we affirm.

Fallon was sentenced on May 15, 1986. Her motion for reduction of sentence was denied in December 1986. In February 1988, she filed numerous motions for post-conviction relief. The district court denied relief, Fallon appealed, and we dismissed the appeal as frivolous. In September 1988, she filed a § 2255 petition to vacate her sentence. That petition was also denied. She then filed another § 2255 petition attacking her sentence and a separate 170-page pro se petition attacking her conviction. Though repetitive in many respects, this last petition

raised for the first time questions of ineffective assistance of trial counsel.

On October 16, 1989, the district court denied the first of Fallon's latest petitions, appointed counsel, and ordered that counsel file an amended second petition within sixty days. Her new attorney timely filed an amended petition alleging multiple claims of ineffective assistance of counsel. At the district court's direction, Fallon then filed a lengthy "Movant's Response" urging that her new petition not be barred as an abuse of the writ.

In a March 1991 report and recommendation, the magistrate judge rejected each of Fallon's new claims on the merits after concluding that she had not abused the writ because she had not deliberately withheld her ineffective assistance claims. Fallon filed objections with the district court and moved for leave to assert a new claim of ineffective assistance. On May 19, 1992, the district court issued its memorandum opinion adopting the findings and recommendations of the magistrate judge, rejecting Fallon's new claim on the merits, and denying her amended § 2255 petition. On appeal, Fallon asserts that the district court erred in rejecting three of her ineffective assistance claims and that an evidentiary hearing should have been held to explore them. We decline to reach the merits of these issues because this successive post-conviction petition constitutes an abuse of the writ.

In *McCleskey v. Zant,* —— U.S. ——, ——, 111 S.Ct. 1454, 1467, 113 L.Ed.2d 517 (1991), the Supreme Court clarified that the abuse of the writ doctrine "is not confined to instances of deliberate abandonment." Adopting the standard that governs issues of procedural default, the Court held that a successive petition must be dismissed as an abuse of the writ unless the petitioner can show external cause and prejudice or a fundamental miscarriage of justice. *Id.,* —— U.S. at ——, 111 S.Ct. at 1470. The *McCleskey* standard applies to § 2255 habeas petitions filed by federal inmates as well as to § 2254 habeas petitions filed by state inmates. *See United States v. Flores,* 981 F.2d 231, 234–35 (5th Cir.1993).

In this case, the magistrate judge raised the abuse of the writ issue *sua sponte,* a practice that we had specifically approved prior to *McCleskey.* *See Byrd v. Delo,* 917 F.2d 1037, 1043 n. 6 (8th Cir.1990). Although the Court noted in *McCleskey* that abuse of the writ is an affirmative defense that the government must plead, *see* —— U.S. at ——, 111 S.Ct. at 1470, we do not read the Supreme Court's procedural discussion as precluding the district court from raising the issue *sua sponte* as long as the petitioner is given adequate opportunity to respond. The abuse of the writ doctrine protects not only the government's interests as a litigant; it also reflects the fact that "collateral litigation places a heavy burden on scarce federal judicial resources [and successive] petitions deplete the resources needed for federal litigants in the first instance, including litigants commencing their first federal habeas action." *McCleskey,* —— U.S. at ——, 111 S.Ct. at 1469. Given the doctrine's fundamental purposes, the district court must be able to raise abuse of the writ *sua sponte.*

Here, in response to the district court's inquiry, Fallon attributed her failure to raise ineffective assistance in her previous § 2255 petitions to the incompetence of her first two post-conviction attorneys and to her own alleged ignorance of federal criminal procedures. These explanations are not "objective factors external to the defense" that prevented Fallon from raising these claims in her previous petitions. Consequently, Fallon has failed to show cause excusing her successive petition, *see Cornman v. Armontrout,* 959 F.2d 727, 729–30 (8th Cir.1992), and our careful review of the record persuades us that her contentions do not raise "a colorable claim of factual innocence" that must be considered to avoid a fundamental miscarriage of justice. *Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992).

The abuse of the writ doctrine "impose[s] on petitioners a burden of reasonable compliance with procedures designed to discourage baseless claims and to keep the system open for valid ones." *McCleskey,* —— U.S. at ——, 111 S.Ct. at 1469. Fallon's numerous, successive post-conviction petitions offend

these important interests. Accordingly, we affirm the district court's dismissal of her petition on the ground that it is an abuse of the writ.