Francesco **FEMIA**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 697, Docket 94–2303.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 17, 1995.

Decided Feb. 8, 1995.

Francesco Femia, pro se.

Mary Jo White, U.S. Atty. for the So. D.N.Y. (Andrew C. McCarthy and Alexandra Rebay, Asst. U.S. Atty., So. D.N.Y., of counsel), for respondent–appellee.

Before: WALKER, JACOBS, and CALABRESI, Circuit Judges.

WALKER, Circuit Judge:

Habeas corpus petitioner Francesco Femia appeals from an order of the United States District Court for the Southern District of New York (Robert J. Ward, *Judge*) dismissing *sua sponte* and without prior notice his second petition under 28 U.S.C. § 2255 as an abuse of the writ. The issues before us are (1) whether a district court has the power to dismiss a petition *sua sponte* for abuse of the writ, and, if so, (2) whether such dismissal was proper without prior notice to Femia. We hold that a district court may dismiss *sua sponte* a petition under § 2255, and, where it is a second or successive petition and the ground for dismissal is lack of actual prejudice from the error alleged, no prior notice to petitioner is required. Because Femia is unable to show actual prejudice, we affirm the order of the district court.

## I. BACKGROUND

On July 19, 1989, Francesco Femia, represented by counsel, pled guilty to one count of attempted exportation of cocaine in violation of 21 U.S.C. §§ 802, 812, 953, 960(a)(1), and 960(b)(1)(B). Although the indictment charged him with attempting to export more than five kilograms of cocaine, an offense which carries a statutory mandatory minimum sentence of ten years and a maximum sentence of life imprisonment under 21 U.S.C. § 960(b)(1)(B), Femia pled guilty to attempting to export an amount of cocaine under five kilograms pursuant to an agreement between Femia's counsel and the government. This reduced the possible mandatory minimum term of imprisonment to five years and the statutory maximum to forty years. *See* 21 U.S.C. § 960(b)(2)(B). The court explained the applicable statutory maximum and minimum, and Femia acknowledged that he understood the possible sentences he faced.

Prior to sentencing, Femia moved to withdraw his guilty plea on the ground that the factual basis for the plea was inadequate. The district court denied the motion. At his sentencing hearing on May 18, 1990, Femia objected to the presentence report's calculation of his offense level based on ten kilograms since this amount was more than he personally attempted to export and more than the amount to which he pled guilty. The government argued in response that, although it had agreed that Femia could allocute to an amount of less than five kilograms, it had never represented that Femia's actual involvement was limited to that amount.

The district court expressed a concern that Femia may have misunderstood the plea agreement because of his limited command of the English language and therefore gave Femia the opportunity to withdraw his plea agreement and go to trial. The court also informed Femia that the government would be permitted to charge him with more serious offenses in a superseding indictment if he withdrew his plea. The court noted as well its intention to sentence Femia to a term of 97 months, which was at the bottom of the applicable guideline range for an offense involving ten kilograms of cocaine, if Femia elected not to withdraw his plea.

After an adjournment of several days, Femia decided not to withdraw his plea. The court thereupon sentenced him to 97 months in prison, based on the adjusted offense level of 32 recommended in the presentence report, and a two-level downward adjustment for acceptance of responsibility. Femia did not appeal.

Two years later, Femia, acting *pro se,* filed a § 2255 petition dated July 14, 1992, attacking his conviction on two grounds. First, he alleged ineffective assistance of counsel because he was sentenced for an amount of drugs not charged in the indictment and because he did not state facts in his plea that would support conviction for attempt. Second, he alleged that the district court incorrectly applied the Sentencing Guidelines in failing to award him a downward adjustment either for his role in the offense or for the fact that the offense was not completed, and in attributing to him an amount of narcotics not reasonably foreseeable to him. In dismissing the petition, the court held that Femia was procedurally barred since he had failed to show cause for not raising his claims on direct appeal and prejudice from the errors alleged. It further held that his claims were not meritorious. Femia did not appeal that decision.

On April 13, 1994, Femia filed a second § 2255 petition, which is the subject of this appeal. He alleges that the sentencing court (1) violated Federal Rule of Criminal Procedure 32(c)(3)(D) by failing to make a determination as to the quantity of narcotics involved in his offense, and (2) violated § 2D1.4 of the Sentencing Guidelines by using an excessive quantity of drugs to calculate his base offense level. The district court *sua sponte* dismissed Femia's second § 2255 petition as an abuse of the writ without providing Femia with prior notice that the court was contemplating that dismissal.

## II. DISCUSSION

### A. *Notice Requirement under 28 U.S.C. § 2255*

In *Lugo v. Keane,* 15 F.3d 29 (2d Cir.1994) (per curiam), we held that in gener-

al it is erroneous for a district court to dismiss a habeas corpus petition *sua sponte* for abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") without giving the petitioner notice and an opportunity to respond. *Id.* at 31.

We believe the rule set forth in *Lugo* applies with equal force when the petition is brought under § 2255. The commentary on the § 2255 Rule 9(b), which makes explicit reference to its § 2254 counterpart "[for] further discussion applicable to this rule," suggests that the § 2254 standard should govern abuse-of-writ determinations under § 2255. Rule 9 Governing Section 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), 1976 Advisory Committee Note. The commentary to § 2254 Rule 9(b) expressly endorses a notice requirement:

> If it appears to the court after examining the petition and answer (where appropriate) that there is a high probability that the petition will be barred under either subdivision of rule 9, the court ought to afford petitioner an opportunity to explain his apparent abuse.

Rule 9 of the § 2254 Rules, Advisory Committee Note. We see no reason why a petitioner should have any less opportunity under § 2255 than under § 2254 to explain why his second or successive petition is not an abuse. *See United States v. Fallon,* 992 F.2d 212, 213 (8th Cir.1993); *but see United States v. Oliver,* 865 F.2d 600, 601, 604–05 (4th Cir.), *cert. denied,* 493 U.S. 830, 110 S.Ct. 98, 107 L.Ed.2d 62 (1989).

Finding that the notice rule of *Lugo* applies to petitions under § 2255 as well as § 2254 does not end our inquiry, however. In the circumstances of this case, we are required to confront two questions left unanswered by that decision: (1) whether district courts have the power to dismiss a petition *sua sponte* for abuse of the writ in the first place, and (2) whether, notwithstanding the general rule, there are certain instances in which a petition may be dismissed for abuse of the writ without prior notice to petitioner.

### B. *Power to Dismiss Petition* Sua Sponte

■ As we noted in *Lugo,* 15 F.3d at 31, uncertainty over the district court's power to dismiss a habeas corpus petition *sua sponte* for abuse of the writ arises from the Supreme Court's description of abuse of the writ as a matter to be raised by the respondent: "the burden is on the Government to plead abuse of the writ." *Sanders v. United States,* 373 U.S. 1, 10–11, 83 S.Ct. 1068, 1074–75, 10 L.Ed.2d 148 (1963). The Fourth Circuit has interpreted the pleading requirement of *Sanders* to bar any *sua sponte* dismissals: "under *Sanders,* abuse of process is an affirmative defense and may not be relied on to dismiss a petition unless it is pleaded by the respondent." *Johnson v. Copinger,* 420 F.2d 395, 398 (4th Cir.1969). The court in *Copinger* held, however, that the 1966 amendments to 28 U.S.C. § 2244,[1] the statutory authorization for dismissing habeas petitions for abuse of the writ, "eliminate[d] this procedural requirement stated by *Sanders,*" *id.,* and therefore permitted *sua sponte* dismissals so long as prior notice and an opportunity to be heard were provided to the petitioner, *id.* at 399.

The Supreme Court recently reaffirmed the *Sanders* rule that the government bears the burden of pleading abuse of the writ. *See McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) ("When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ."). The reasoning of *Copinger* would suggest that under *McCleskey* a district court may not dismiss a petition *sua sponte.* But although courts frequently describe abuse of the writ as an "affirmative defense," *see Fallon,* 992 F.2d at 213; *Spradley v. Dugger,* 825 F.2d 1566, 1567 (11th Cir.1987); *Copinger,* 420 F.2d at 398, it would be wrong to conceive of dismissal for abuse of the writ as a matter within the sole initiative of the prosecution.

---

1. The amendments provided that a subsequent application for a writ of habeas corpus presenting a new ground not adjudicated on an earlier application need not be entertained "unless the court, justice, or judge is satisfied that the appli-

cant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." 28 U.S.C. § 2244(b); *see Copinger,* 420 F.2d at 398.

When court processes are abused, the administration of justice is adversely affected to the detriment of the public. Accordingly, "where a 'doctrine implicates [nonjurisdictional] values that may transcend the concerns of the parties to an action, it is not inappropriate for the court, on its own motion, to invoke the doctrine.'" *Hardiman v. Reynolds*, 971 F.2d 500, 502–03 (10th Cir. 1992) (affirming power of district court to raise *sua sponte* defense of state procedural default in habeas corpus case) (quoting *Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir.1987)) (brackets in original).

As *McCleskey* makes clear, the primary concern behind the abuse-of-writ doctrine is one of judicial economy. That doctrine promotes finality of judgments, *McCleskey*, 499 U.S. at 491, 111 S.Ct. at 1468–69, and conserves resources for the resolution of primary as opposed to collateral disputes, *id; Fallon*, 992 F.2d at 213. The district court is at least as well positioned as the government to determine when a second or successive petition is abusive; indeed, the district court is perhaps in a superior position to recognize possible abuse of the writ, since it is the general practice to have the same judge who ruled upon the first petition handle the second or successive one. *See* Rule 4(a) of the § 2255 Rules (requiring petition to be presented to judge "who was in charge of that part of the proceedings being attacked by the movant," unless that judge is unavailable).

■ The procedural rule that places the burden to plead abuse of the writ on the government is not intended to prevent district courts from invoking that doctrine *sua sponte*. Rather, its purpose is to relieve the petitioner of the burden of pleading that a second or successive petition is not an abuse of the writ. *See Thigpen v. Smith*, 792 F.2d 1507, 1515 n. 13 (11th Cir.1986) (pleading rule should not be construed "to limit a federal court's ability to raise *sua sponte* the issue of abuse of the writ[,] thereby effectuating the policy considerations behind Rule 9(b)"). As explained in *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948), the case which first placed the pleading burden on the government, *Sanders*, 373 U.S. at 10–11, 83 S.Ct. at 1074–75, such a

rule protects the rights of prisoners who "are often unlearned in the law and unfamiliar with the complicated rules of pleading." *Price*, 334 U.S. at 292, 68 S.Ct. at 1063. Placing the burden on the government serves the important function of giving notice to the prisoner of the issue raised. The government must, "with clarity and particularity, ... note[ ] petitioner's prior writ history, identif[y] the claims that appear for the first time, and allege[ ] that petitioner has abused the writ." *McCleskey*, 499 U.S. at 494, 111 S.Ct. at 1470. The burden shifts to the petitioner only when he has notice of the standards he must meet.

■ Because the *Lugo* notice rule that we adopt today for § 2255 petitions will safeguard the due process rights of *pro se* petitioners, we see no reason to bar district courts from invoking the abuse-of-writ doctrine *sua sponte*. *See Fallon*, 992 F.2d at 213; *United States v. Flores*, 981 F.2d 231, 236 n. 9 (5th Cir.1993). We emphasize, however, that a district court which acts *sua sponte* must conform to the same "clarity and particularity" requirements set forth in *McCleskey*; otherwise, the prisoner would not have notice of the claim he must rebut. Summary notice that a petition abuses the writ, and that the burden has shifted to the petitioner to show why the petition should not be dismissed, will not pass muster.

### C. *Notice Requirement Limited to Burden to Show Cause*

■ The final issue, and the one determinative of this appeal, is whether the *Lugo* rule invariably requires notice before a district court dismisses a petition for abuse of the writ, or whether there is a limited class of habeas petitions in which prior notice to the petitioner would serve no useful purpose. Upon analysis of the test for the abuse of the writ doctrine that emerged in *McCleskey* for § 2254 petitions and that applies equally to § 2255 petitions, *Fallon*, 992 F.2d at 213; *Flores*, 981 F.2d at 234–35, we hold that in certain limited instances *sua sponte* dismissal of habeas petitions without prior notice is permissible.

In *McCleskey*, the Supreme Court resolved the question whether "inexcusable neglect"

or "deliberate abandonment" was the proper standard for determining whether a petitioner abused the writ by not raising a claim in the first petition. 499 U.S. at 489–90, 111 S.Ct. at 1467–68. In deciding in favor of "inexcusable neglect," it defined that imprecise term as requiring the same showing of "cause and prejudice" necessary to excuse the petitioner's procedural default in failing to raise the claim on direct appeal, absent any colorable showing of factual innocence. *Id.* at 490–96, 111 S.Ct. at 1468–71.

■ The *McCleskey* test is conjunctive: a prisoner making a second or successive petition must show both cause for the default *and* prejudice from the error alleged. *Id.* at 494, 111 S.Ct. at 1470. The cause prong of the test "requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim" in the direct proceedings. *Id.* at 493, 111 S.Ct. at 1470 (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). It is thus concerned with the petitioner's justification for not complying with procedural strictures. The prejudice prong requires that the petitioner show "actual prejudice," *McCleskey,* 499 U.S. at 493, 111 S.Ct. at 1469–70, "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions," *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982) (discussing cause and prejudice test required for § 2255 collateral relief where error not raised at trial or on direct appeal).

■ The question squarely presented in this case is whether a district court must give notice to a petitioner that it intends to dismiss his petition for abuse of the writ when the ground for dismissal is lack of actual prejudice. In *Lugo,* we acknowledged that Rule 4 of the § 2254 Rules provides for a *sua sponte* dismissal on the merits without prior notice, 15 F.3d at 30, and so too by its plain terms does its § 2255 analogue: "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Rule 4(b) of the § 2255 Rules. Unlike a cause determination, a finding of actual prejudice is one made on the merits based on the record. Failure to show the actual prejudice required by *Frady* and *Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992), will often provide the clearest reason for a district court to order summary dismissal of the petition under Rule 4(b). It would be incongruous to require prior notice to petitioner in order to dismiss a petition for lack of actual prejudice under Rule 9(b) while allowing dismissal without notice on the same grounds under Rule 4(b). Moreover, notice serves little purpose when only prejudice is at issue. If the petition liberally construed admits of no possibility of actual prejudice, notice will not cure the defect.

Cause is quite a different matter. The Supreme Court has identified as possible examples of cause factors such as official interference or the reasonable unavailability to counsel of a factual or legal basis for a claim. *McCleskey,* 499 U.S. at 493–94, 111 S.Ct. at 1470. Such factors are usually outside the record and may be exclusively within the petitioner's knowledge, and thus will only come to light if properly asserted by the petitioner. *Cf. Gayle v. Mann,* 966 F.2d 81, 85 (2d Cir.1992) (holding that petitioner should have been given an opportunity to show that he did not know of new ground of relief at time of prior petitions).

■ We therefore think that the grounds for the dismissal determine whether prior notice to the petitioner is required before a district court can dismiss a habeas corpus petition *sua sponte* for abuse of the writ. When a prisoner, who may be unlearned in law and unskilled in pleading, offers a cognizable claim in a second or successive petition that appears to demonstrate actual prejudice, but fails to address adequately the issue of cause, prior notice is essential. If the petition, when viewed in the context of all prior proceedings, reveals no actual prejudice that would entitle the petitioner to relief, even if cause could be shown, a district court may dismiss the petition *sua sponte* under Rule 9(b) (or Rule 4(b)) without giving prior no-

tice. If the lack of actual prejudice in such a case is not clearly manifest from the record, the court should not dismiss the petition *sua sponte,* much less do so without prior notice to the petitioner.

In this case, the district court did not explain "with clarity and particularity" its grounds for determining that Femia's second petition was an abuse of the writ. In stating that Femia "failed to explain why these matters were not presented in his first petition[, and] [a]ccordingly, the motion must be denied and the petition dismissed on the ground of abuse of the writ," the district court appeared to hold Femia accountable for failing to plead cause. If Femia had alleged cognizable errors indicating actual prejudice in the petition, we would be compelled, consistent with *Lugo,* to insist on prior notice and thus reverse the order and remand for further proceedings. However, after reviewing the instant petition, the prior petition, the records of the plea and sentence, and the briefs on this appeal, it is clear to us that reversal is not warranted because no actual prejudice occurred.

Femia claims (1) that the sentencing court failed to resolve a dispute over the quantity of narcotics involved in his offense in violation of Federal Rule of Criminal Procedure 32(c)(3)(D); and (2) the court violated § 2D1.4 of the Sentencing Guidelines by calculating an offense level based upon an excessive quantity of drugs. The circuits are divided over the question whether such claims are even cognizable on a § 2255 petition when they have not been raised on direct appeal, absent a fundamental miscarriage of justice. *Compare, e.g., United States v. Schlesinger,* 38 F.3d 485, 487 (9th Cir.1994) (holding that nonconstitutional sentencing errors such as violation of Rule 32(c)(3)(D) are not cognizable under § 2255) *with Parks v. United States,* 832 F.2d 1244, 1246 (11th Cir.1987) (applying *Frady* test to Rule 32(c)(3)(D) violation); *compare, e.g., Knight v. United States,* 37 F.3d 769, 772–74 (1st Cir.1994) (holding that violations of Sentencing Guidelines are not cognizable under § 2255 absent fundamental miscarriage of justice) *and United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992) (per curiam)

(same), *with United States v. Essig,* 10 F.3d 968, 979 (3d Cir.1993) (permitting Guidelines claims to be raised for the first time in a § 2255 petition if the petitioner meets the *Frady* standard). We have held that errors in sentencing procedure are cognizable under § 2255 only if the petitioner

> establish[es] that the violation constituted a "constitutional or jurisdictional" error, *United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)), or by showing that the error resulted in a " 'complete miscarriage of justice' " or in a proceeding " 'inconsistent with the rudimentary demands of fair procedure.' " *Id.* 441 U.S. at 784, 99 S.Ct. at 2087 (quoting *Hill,* 368 U.S. at 428, 82 S.Ct. at 471).

*Lucas v. United States,* 963 F.2d 8, 12–13 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992); *see also Timmreck,* 441 U.S. at 784–85, 99 S.Ct. at 2088 (holding formal violation of Federal Rule of Criminal Procedure 11 noncognizable but leaving open question whether § 2255 relief would be available if "a violation of Rule 11 occurred in the context of other aggravating circumstances"); *Brennan v. United States,* 867 F.2d 111, 120 (2d Cir.) (stating that, absent exceptional circumstances, "nonconstitutional or nonjurisdictional questions are generally procedurally foreclosed to a section 2255 petitioner if not raised on direct appeal" notwithstanding whether cause and prejudice could be shown under *Frady* ), *cert. denied,* 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989).

The question of cognizability aside, Femia fails to allege error in his petition, much less error leading to actual prejudice. Femia's Rule 32(c)(3)(D) claim is baseless in fact. That rule provides that, if an allegation is made that the presentence report contains a factual error, the district court shall make a finding resolving the dispute if the fact at issue will be taken into account at sentencing. Fed.R.Crim.P. 32(c)(3)(D). Femia argued at sentencing that the plea agreement foreclosed a sentence based upon the amount of ten kilograms, and that the ten kilograms

were not reasonably foreseeable and thus not attributable to him as relevant conduct. Leaving aside the question whether Rule 32(c)(3)(D) even governs reasonable foreseeability determinations when the underlying facts are not contested, we note that the district court made a specific finding resolving the dispute over the amount of drugs attributable to Femia at the May 23, 1990 hearing. It expressly rejected both Femia's contention that the figure was too high and the government's position that the figure was too low in adopting the presentence report's recommendation that Femia be sentenced on the basis of ten kilograms. Moreover, Femia through counsel expressly declined at the May 23 hearing to oppose a finding that his activities involved more than five kilograms of cocaine. Femia thus has no colorable claim under Rule 32(c)(3)(D).

His Sentencing Guidelines challenge is equally without merit. Section 2D1.4 of the Guidelines in effect at Femia's sentencing instructed the district court to sentence a defendant convicted of conspiracy or attempt based on the same offense level as if the object of the conspiracy or the attempt had been completed. Nothing in § 2D1.4 precluded the sentencing court from considering Femia's relevant conduct.

In these circumstances, the lack of any actual prejudice of the sort referred to in *Frady* and *McCleskey* is beyond question. Since lack of actual prejudice supplies a fully adequate basis for the district court's *sua sponte* dismissal of the petition under § 2255, prior notice to petitioner was not required.

The judgment of the district court is affirmed.