**Ying Kin CHAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 94 CIV. 4211(JES), 91 CR. 0115(JES).**

United States District Court, S.D. New York.

Feb. 27, 1996.

Ying Kin Chan, Ray Brook, New York, pro se.

Mary Jo White, United States Attorney for the Southern District of New York, New York City (Karen Patton Seymour, Assistant United States Attorney, of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Pursuant to 28 U.S.C. § 2255, Ying Kin Chan, acting *pro se,* brings the above-captioned petition challenging his conviction on the grounds that the Court failed to give certain jury charges in violation of his right to due process, that he was denied effective assistance of counsel in violation of his Sixth Amendment rights, and that the Sentencing Court erred in failing to grant him certain reductions and downward departures from the applicable United States Sentencing Guidelines (the "Guidelines") level. For the reasons that follow, the petition is dismissed.

## BACKGROUND

In January 1991, United States Drug Enforcement Administration ("DEA") Special Agent Thomas Ma met with Chun Kan Fung in Hong Kong and agreed upon a narcotics transaction involving the shipment and sale of approximately sixteen kilograms of heroin from Hong Kong to New York for $1.8 million. *See* Trial Transcript dated July 1–5, 1991 ("Tr.") at 33–42. Pursuant to the transaction, Chun Kan Fung arranged to have two associates oversee the shipment and delivery in New York. *Id.* Fung described one of the associates to Special Agent Ma as an "inexperienced young kid" who would be able to handle the delivery if the more experienced associate was unable to travel to New York. Tr. at 39–40.

At 1:00 a.m. on January 28, 1991, DEA Special Agent Michael Shum telephoned room 2658 at the Grand Hyatt Hotel in New York, as instructed by Special Agent Ma in Hong Kong, and spoke with a person who identified himself only as "AA." Tr. at 48–51, 163. At 5:00 a.m. the same morning, Special Agent Shum, acting undercover, met defendants Chan and Man Wo Wong at the Grand Hyatt, where Wong had rented a room. Tr. at 54–58. Upon meeting, Shum and Wong confirmed their identities by displaying to each other codes drawn on their

hands. Tr. at 56. Wong informed Shum that "23 units" were located in another hotel. Tr. at 58. Chan remained quiet during the meeting with Special Agent Shum. *Id.* Thereafter, Wong and Chan left the Grand Hyatt and traveled to the Vista Hotel, where a room had been rented in Chan's name. Tr. at 75–76, 91–92, 105–11.

Later, Wong and Chan returned to the Grand Hyatt, each carrying a knapsack which they placed at Shum's side. Tr. at 60–62. Shum asked if the units were in the knapsacks, and Wong replied that they were. Tr. at 61. Chan also remained silent during this meeting. *Id.* Thereafter, Chan and Wong were arrested in the lower lobby of the Grand Hyatt.[1] Tr. at 76.

On February 7, 1991, Chan and Wong were each charged with one count of conspiracy to import heroin, in violation of 21 U.S.C. § 963; one count of importation of heroin, in violation of 21 U.S.C. §§ 812, 952, 960(a)(1) & (b)(1)(A) and 18 U.S.C. § 2; one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846; and one count of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(A) and 18 U.S.C. § 2. *See* Indictment 91 Cr. 0115 (JES).

At trial, only the Government submitted jury charge requests to the Court. At the charge conference, Chan's counsel objected to the Government's charge of "deliberate avoidance," on the ground that it was not warranted by the evidence presented. Tr. at 292–94. The Court overruled the objection and charged the jury on deliberate avoidance, clarifying that mere participation without knowledge is insufficient to hold Chan liable as a conspirator.[2] Tr. at 363. Chan's counsel never requested any specific charges either before or at the charge conference.

On July 5, 1991, after a five day jury trial, Chan was acquitted of conspiracy to import heroin and convicted of importation of heroin, conspiracy to possess with intent to distribute heroin, and distribution and possession with intent to distribute heroin. In a special verdict form, the jury indicated that it did not base any of its findings on the theory of "deliberate avoidance." Tr. at 388.[3]

On January 6, 1992, pursuant to Guidelines Section 3B1.2(a), Chan moved[4] at sentencing for a four point role reduction in his Guidelines level based upon his alleged minimal role in the offense, Sentencing Transcript Dated Jan. 6, 1992 ("Sent. Tr.") at 2, which the Probation Department and the Government opposed. *Id.* at 2–5. The Sentencing Court denied Chan's motion but granted him a two point reduction in his offense level pursuant to Guidelines Section 3B1.2(b) on the ground that Chan was a minor participant. Sent. Tr. at 6–7. At sentencing, Chan did not move for a downward departure from the Guidelines. The Sentencing Court sentenced Chan to a term of imprisonment of 151 months, to be followed by a term of supervised release of five years. Sent. Tr. at 9.

---

1. At the time of arrest, keys for both the Grand Hyatt room and the Vista Hotel room were found in Chan's possession. Tr. at 185. Although Chan did not testify at trial, Wong, who had pleaded guilty to one count of conspiracy to import heroin charged in the instant indictment, testified that he had rented the Vista Hotel room in Chan's name. Tr. at 251.

2. The Court gave the following charge:
   A defendant who is charged with being a member of that conspiracy ... must have knowingly, wilfully, and intentionally participated in that conspiracy, that is, he must know the objectives of the conspiracy and he must participate in the conspiracy with knowledge and with the intent to further the purpose of the conspiracy.... Mere participation in the conspiracy without knowledge is not enough to make you a conspirator. Tr. at 363.

3. The jury indicated its response to the special verdict question as follows:
   THE CLERK:
   Has your finding that defendant knowingly participated in a violation of the narcotics laws as to any count been based upon a finding that defendant Chan deliberately avoided obtaining such knowledge? Yes or no.
   THE FOREPERSON:
   No.
   Tr. at 388.

4. At sentencing, Chan was represented by Joyce London, on behalf of Susan Kellman, trial counsel, who had the flu. Sent. Tr. at 3.

On April 28, 1992, Chan, represented by trial counsel, appealed on the ground that the evidence presented at trial was insufficient to sustain his conviction. *See United States v. Chan*, 972 F.2d 1328 (2d Cir.1992) (unpublished mandate). On July 21, 1992, the Second Circuit affirmed the conviction by summary order. *Id.*

In the instant petition, which the Court construes liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), Chan claims that he was denied a fair trial by the Court's jury charge of "deliberate avoidance" and the Court's failure to charge the jury about "innocent presence" and the defense of "vicarious entrapment". In addition, Chan claims that he was denied effective assistance of counsel because his attorney failed to request those jury charges, failed to challenge the Court's charge of "deliberate avoidance," and failed to challenge the legality of the DEA's authority to import heroin into the United States. Chan further asserts that the Sentencing Court erred by refusing to grant a four point reduction in the applicable Guidelines level and erroneously failed to grant him a downward departure.[5]

### DISCUSSION

■ Title 28 U.S.C. § 2255 authorizes collateral relief when a "sentence was imposed in violation of the Constitution or laws of the United States," when the district court "was without jurisdiction to impose such sentence," or when a "sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *see, e.g., Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974); *United States v. Bokun*, 73 F.3d

8 (2d Cir.1995); *Femia v. United States*, 47 F.3d 519, 525 (2d Cir.1995). Non-constitutional errors of law do not provide a basis for collateral attack under § 2255 unless the claimed error "constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979), quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *see also Brecht v. Abrahamson*, 507 U.S. 619, 634, n. 8, 113 S.Ct. 1710, 1720, n. 8, 123 L.Ed.2d 353 (1993).

■ Where, as here, a petitioner is not represented by new appellate counsel, a petitioner need not raise a claim of ineffective assistance of counsel on direct appeal. *See Billy–Eko v. United States*, 8 F.3d 111, 115 (2d Cir.1993). However, a petitioner in a subsequent § 2255 petition is barred from raising all other claims not raised on direct appeal unless he can establish both "cause" for the procedural default, and actual "prejudice" resulting therefrom. *See United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1981); *Campino v. United States*, 968 F.2d 187, 189 (2d Cir.1992). Cause is "something *external* to the petitioner, something that can not be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). "Prejudice" must be so substantial that it undermines the integrity of the entire trial. *See Frady*, 456 U.S. at 169–70, 102 S.Ct. at 1595–96. Because Chan has failed to establish cause for any of his claims, only his claim of ineffective assistance of counsel is not barred.[6]

---

**5.** In the instant petition, Chan claims that the Sentencing Court should "reconsider the downward departure" on the ground that his criminal behavior was aberrant and that his employment record had been excellent until the date of the offense. ·*See* Petitioner's Brief at 23. However, Chan had not moved for a downward departure prior to being sentenced. Therefore, the Court construes his petition liberally as claiming error for the Court's failure to *sua sponte* grant him a downward departure at sentencing, or in the alternative, as a request to grant the downward departure at this time. As such, this claim is distinct from his claim that the Court erred in

denying his motion for a four point role reduction.

**6.** Since Chan's ineffective assistance of counsel claim is without merit, the Court need not determine whether the fact that Chan was represented by different counsel at sentencing due to his trial counsel's illness warrants requiring Chan to establish cause for that portion of the ineffective assistance of counsel claim related to sentencing because that counsel did not represent him on appeal.

■ To support a claim of ineffective assistance of counsel, Chan must overcome the strong presumption that his counsel's conduct was reasonable, by demonstrating that the representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); *see also United States v. Aguirre,* 912 F.2d 555, 560 (2d Cir.1990); *United States v. Reiter,* 897 F.2d 639, 644–45 (2d Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990); *United States v. Bari,* 750 F.2d 1169, 1182 (2d Cir.1984), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985). Furthermore, he must affirmatively prove prejudice by showing that but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

■ Chan's contentions in support of his claim of ineffective assistance of counsel fall far short of demonstrating that his attorney was ineffective either at trial or on direct appeal, or that any prejudice resulted therefrom. Indeed, Chan's counsel evidenced his effectiveness by, *inter alia,* competently arguing to the jury, albeit without success, that Chan was an innocent tourist unaware of the drug transactions his friend, Wong, was engaged in, by presenting to the jury direct testimony of Wong on Chan's behalf, by objecting to the deliberate avoidance charge and by moving for the four point role reduction.

■ Moreover, although Chan's counsel did not move for a downward departure, Chan has not and cannot, demonstrate that the Court would have granted that relief if that application had been made. In fact, this Court, as the Sentencing Court, can say with certainty that had the claim been made it would have been rejected. Moreover, any decision denying a downward departure would not even have been appealable. *See, e.g., United States v. Ritchey,* 949 F.2d 61, 63 (2d Cir.1991).[7]

■ In any event, Chan's claims must be dismissed on the merits.[8] The Government's evidence, if believed, more than sufficiently demonstrated that Chan had deliberately avoided learning the nature of the transaction, and thus fully justified the charge given. However, even assuming arguendo that the charge was erroneous, Chan's petition must be denied because he suffered no prejudice in light of the jury's response to the special verdict question reflecting that it did not convict Chan on that basis. Tr. at 388.

■ Nor can Chan properly seek relief based on the Court's failure to charge innocent presence and vicarious entrapment. The former claim must be rejected because not only was that charge not specifically requested but also because the Court's instruction that mere presence without knowledge is insufficient to hold Chan liable as a conspirator clearly encompassed that concept. Tr. at 363. The latter claim is baseless because the record is bereft of any evidence that the Government induced Chan, either directly or indirectly, to commit a crime. *See United States v. Pilarinos,* 864 F.2d 253, 255–56 (2d Cir.1988).

■ Chan further claims that the Sentencing Court erred in its decision to award him a two point role reduction for his minor role in the offense, rather than a four point reduction. This claim, too, lacks merit. Section 3B1.2(a) of the Guidelines, which provides for a four level reduction if a defendant plays a "minimal" role in an offense, is limit-

---

7. Chan also claims that his attorney should have challenged the legality of the DEA to import heroin. Although it is generally unlawful to import unregistered controlled substances into the United States, law enforcement officials acting in the course of their official duties, which would include controlled deliveries, are exempt from this prohibition. *See* 21 U.S.C. § 952; 21 C.F.R. §§ 1301.26(a) and 1311.25; *United States v. Singh,* 811 F.2d 758, 761 (2d Cir.), *cert. denied* 483 U.S. 1021, 107 S.Ct. 3264, 97 L.Ed.2d 763 (1987); *United States v. Leon–Lopez,* 1991 WL 190535 (S.D.N.Y.). Chan's counsel, therefore, need not have raised this frivolous argument.

8. Indeed, many of Chan's claims are likely not even cognizable on a § 2255 petition. *See Femia v. United States,* 47 F.3d at 525 (Second Circuit recognizing that circuits divided over question whether calculation of offense level claims ever cognizable on § 2255 petition when not raised on appeal, absent fundamental miscarriage of justice, but leaving question unresolved).

ed to "defendants who are plainly among the least culpable of those involved in the conduct of a group." *Id.*, Application Note 1. Here, Chan flew from Hong Kong to New York only for the purpose of assisting in a sixteen kilogram heroin transaction. He possessed keys for both hotel rooms, accompanied Wong at 5:00 a.m. to meet Special Agent Shum, traveled with Wong by taxi to pick up two knapsacks containing sixteen kilograms of heroin, and returned with Wong to meet the undercover agent and complete the delivery. Tr. at 60–66, 75–76, 91–92, 184–94; *see, e.g., United States v. Lopez,* 937 F.2d 716, 727–728 (2d Cir.1991). In light of all the circumstances, these actions do not support a reasonable inference that Chan's role in the offense was minimal.

▪ In addition, to the extent that Chan claims that the Sentencing Court should have *sua sponte* granted him a downward departure, his claim is frivolous. The Sentencing Court was not required to *sua sponte* grant a downward departure. *Cf. Idreez v. United States,* 1995 WL 450973 (E.D.N.Y.) (absent a specific cooperation agreement contemplating downward departure, Court may not, *sua sponte,* depart downward from statutory sentencing guidelines). Therefore, the Sentencing Court's failure to do so does not and cannot constitute plain error. To the extent that Chan seeks to have this Court reconsider downward departure now, that claim must also be denied because the Court has no power to do so. *See* Fed.R.Crim.P. 35(c); *see also Scott v. United States,* 997 F.2d 340, 341 (7th Cir.1993).

### CONCLUSION

For the reasons stated above, Chan's petition shall be and hereby is dismissed, and the Clerk of Court is directed to close the above-captioned action.

It is **SO ORDERED.**