**Anthony SPINALE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 06–3483–pr.

United States Court of Appeals, Second Circuit.

May 14, 2008.

Linda Strumpf, Esq., New York, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District, of New York, David A. O'Neil, Jonathan S. Kolodner, Assistant United States Attorneys, New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM,* District Judge.

**SUMMARY ORDER**

Anthony Spinale appeals from an order of the district court entered July 13, 2006, denying Spinale's motion pursuant to 28 U.S.C. § 2255 to correct his sentence. The district court *sua sponte* denied the motion by memorandum and order on the ground that it was untimely without waiting for a response from the government or hearing oral argument. We granted a cer-

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

tificate of appealability as to whether the district court properly dismissed the motion without first providing Spinale with notice and an opportunity to be heard on the issue of timeliness. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

We have held that it is ordinarily improper for a district court to dismiss a section 2255 motion on procedural grounds, including timeliness, without first affording a petitioner notice of its intent to do so and an opportunity to be heard. *See Acosta v. Artuz*, 221 F.3d 117, 124–26 (2d Cir.2000); *Femia v. United States*, 47 F.3d 519, 524–25 (2d Cir.1995). One of the primary reasons for this rule is that the factors relevant to determining whether a motion should be dismissed on procedural grounds "are usually outside the record and may be exclusively within the petitioner's knowledge, and thus will only come to light if properly asserted by the petitioner." *Femia*, 47 F.3d at 524. Therefore, "unless it is unmistakably clear from the facts alleged in the petition, considering all … factor[s] relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a [habeas] petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125.

Despite the general rule, in this case, we find that the district court's *sua sponte* dismissal prior to the government's response and oral argument does not require reversal, as the concerns underlying the general rule set forth in *Acosta* and *Femia* are not present. Spinale, represented by counsel, clearly recognized the need to show due diligence excusing the filing of his section 2255 motion more than four years after his conviction became final—precisely what he would have sought to show had he been asked to respond to a motion to dismiss for untimeliness. The bulk of the affirmation of his attorney and his declaration, attached to the motion, detailed the steps he had taken to pursue his claim, and argued that he had, indeed, shown due diligence as required by *Wims v. United States*, 225 F.3d 186, 190 (2d Cir.2000). Although the district court did not give notice of the need to show due diligence, Spinale's motion shows that he had notice of the need to show due diligence and attempted to do so. He also had an opportunity to be heard because he presented his argument regarding due diligence and the relevant facts to the district court in his initial motion before the court ruled on it. This case therefore falls under the exception in *Acosta* where "it is unmistakably clear from the facts alleged in the petition … that the petition is untimely," and thus a *sua sponte* dismissal was not error.

It may be better practice for a district court to follow the general rule laid out in *Acosta* and *Femia*, which is to avoid *sua sponte* dismissals on procedural grounds in habeas petitions and motions. Indeed, it might avoid unnecessary appeals like this one. However, in this case we do not find that Spinale was denied notice and an opportunity to be heard by the district court's dismissal.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.