DLD-270                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1407
_____

TERRANCE K. ALDEN,

Appellant

v.

WARDEN, U.S. PENITENTIARY ALLENWOOD;
UNITED STATES PAROLE COMMISSION

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-02381)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: September 9, 2011)
_____

OPINION
_____

PER CURIAM

Terrance Alden, proceeding pro se and in forma pauperis, appeals the denial of his

habeas corpus petition.  We will summarily affirm the judgment of the District Court.

Alden, a federal prisoner currently incarcerated at USP Allenwood in White Deer, Pennsylvania, is serving a lengthy federal sentence stemming from, inter alia, a series of bank robberies.[1] In 2009, he filed a 28 U.S.C. § 2241 petition, claiming that various actions by the United States Parole Commission ("USPC") violated the Constitution, the USPC's enabling statute, and parole regulations. The petition, filed originally in the Middle District of Pennsylvania,[2] was eventually docketed in the United States District Court for the Northern District of West Virginia, at docket number 5:09-cv-00076. The USPC moved to dismiss the petition or, in the alternative, for summary judgment in the USPC's favor. Magistrate Judge David J. Joel agreed with the USPC, crafting a lengthy Report and Recommendation (R&R) that recommended denying all of the claims on the merits. See generally Alden v. U.S. Parole Comm'n, No. 5:09-cv-00076, 2010 U.S. Dist. LEXIS 29744 (N.D. W. Va. Feb. 26, 2010). In addition, the R&R contained a warning that a failure to timely object would result in a waiver of appellate rights. Id. at *23. Alden objected, but did not do so in a timely fashion; however, in its detailed memorandum opinion adopting the R&R and denying Alden's claims on the merits, the

---

[1] See United States v. Alden, 576 F.2d 772, 774-75 (8th Cir. 1978) (describing the somewhat colorful history of the "Bionic Bandit"); see also United States v. Alden, 776 F.2d 771, 772 (8th Cir. 1985) (direct appeal from charge relating to attempted escape from prison); United States v. Alden, 767 F.2d 314, 316 (7th Cir. 1984) (same). Alden committed these offenses after escaping from a New Jersey prison, where he was serving two life sentences for the murder of an armored car guard during a robbery. Alden, 576 F.2d at 775 n.3. The New Jersey sentences are not before this Court.

[2] See M.D. Pa. Civ. No. 3:09-cv-01211.

District Court observed that the objections would not have changed the outcome of the case. Alden v. U.S. Parole Comm'n, No. 5:09-cv-00076, 2010 U.S. Dist. LEXIS 29755, at *5 n.3 (N.D. W. Va. Mar. 26, 2010).

Several months later, in September 2010, Alden filed a second § 2241 petition, again attacking parole decisions. He charged that the previous District Court adjudication had failed to address certain constitutional claims, such as the alleged violation of his First Amendment rights by the USPC. Filed originally in the Middle District of Pennsylvania,[3] the petition was transferred to the Western District of Oklahoma.[4] Determining the petition to be an abuse of the writ, and finding that the previous District Court adjudication did not fail to address the aforementioned constitutional claims, the Magistrate Judge recommended dismissing the petition. Alden v. U.S. Parole Comm'n, No. CIV-10-975, 2011 U.S. Dist. LEXIS 41916, at *8–13 (W.D. Okla. Jan. 24, 2011). The District Court concurred. Alden v. U.S. Parole Comm'n, No. CIV-10-975, 2011 U.S. Dist. LEXIS 41900, at *4-5 (W.D. Okla. Apr. 18, 2011).

While the Oklahoma action was pending, Alden filed a third § 2241 petition, the subject of the present action. He again raised claims against the USPC, challenging, inter alia, the USPC's "misapplication" of certain regulations, the validity of his 1980s-era

---

[3] See M.D. Pa. Civ. No. 3:10-cv-01862.

[4] It appears that both of Alden's prior petitions were transferred to the District in which he was serving his sentence at the time his petition was processed. See 28 U.S.C. § 2241(d).

3

parole waiver, failure to deliver timely notice of USPC decisions, and actions taken that violated his constitutional rights; he also attacked the outcome of his earlier, West Virginia petition, describing it as contravening the "Prisoner Mailbox Rule" while simultaneously failing to address several of his claims. This third petition was successfully docketed in the Middle District of Pennsylvania. Taking judicial notice of the West Virginia petition – but not the Oklahoma petition – the District Court sua sponte dismissed this action as an abuse of the writ. Alden filed a motion to alter or amend the judgment[5] and a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the denial of a 28 U.S.C. § 2241 petition, we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary."). 28 U.S.C. § 2241 is a proper vehicle for challenging federal parole decisions. Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 255 (3d Cir. 2008); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). "[A]buse-of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action." Queen v. Miner, 530 F.3d 253, 255

---

[5] This motion was denied on June 16, 2011, but as Alden has not complied with Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), which requires the filing of either a new or amended notice of appeal, it is not before us. See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

(3d Cir. 2008). A petitioner may justify his prior omission by showing cause and prejudice for his failure to earlier raise a claim. In re Minarik, 166 F.3d 591, 600 (3d Cir. 1999). And "[i]n a case in which a successive petition includes a claim for relief already fully considered and rejected . . . the petitioner [must] show that 'the ends of justice' would be served by the court entertaining his petition." Funari, 531 F.3d at 251.

As a preliminary matter, the District Court may have erred in dismissing the petition sua sponte for abuse of the writ without giving Alden prior notice and an opportunity to respond. See Lamp v. Iowa, 122 F.3d 1100, 1106 (8th Cir. 1997); Femia v. United States, 47 F.3d 519, 524–25 (2d Cir. 1995) (holding that notice is required when a claim in a successive petition may demonstrate actual prejudice, or where the lack of actual prejudice "is not clearly manifest from the record"); see also McCleskey v. Zant, 499 U.S. 467, 494 (1991) ("When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ."). But such an error would, regardless, be of no consequence, for Alden has had numerous opportunities to justify his writ, both below and on appeal; any error would therefore be harmless. Stanko v. Davis, 617 F.3d 1262, 1271 (10th Cir. 2010) (applying harmless error analysis to sua sponte dismissal when the petitioner had other opportunities to plead validity of his petition).

We are otherwise in full accord with the District Court. Alden has twice before raised these exact claims or their close cousins. In West Virginia, his claims received an extensive merits analysis, while in Oklahoma, the District Court addressed his concerns

regarding an alleged failure to "resolve" claims in the first petition. Of course, we do not sit in review of either of those courts; all the same, Alden cannot plausibly claim that his arguments have gone unanswered and unaddressed. To the extent that his current petition raises new claims, Alden has not justified his prior omission by showing cause or prejudice. To the extent that this petition raises claims already adjudicated, as is primarily the case, Alden has failed to show that reconsideration is mandated by an appeal to the ends of justice. Finally, whatever procedural errors may have been committed by the prior courts to address these claims, this forum is not the proper venue in which to address them.

In sum, Alden's current petition is barred as an abuse of the writ. As the appeal presents no substantial question, we will summarily affirm the decision of the District Court. Murray v. Bledsoe, ___ F.3d ___, 2011 U.S. App. LEXIS 11702, at *3 (3d Cir. June 10, 2011, No. 10-4397); see also Third Cir. L.A.R. 27.4; I.O.P. 10.6.