22-841-pr
Seabrook v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

NORMAN SEABROOK,

*Petitioner-Appellant*,

v.                                                              No. 22-841

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

------------------------------------------------------------------

FOR APPELLANT: ROGER B. ADLER, Roger Bennet Adler, P.C., New York, NY

FOR APPELLEE: JARROD L. SCHAEFFER, (Lara Pomerantz, David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Plaintiff Norman Seabrook appeals from a March 9, 2022 order of the District Court (Hellerstein, *J.*) denying his habeas petition under 28 U.S.C. § 2255 and his motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. We granted a certificate of appealability with respect to one of Seabrook's claims for relief: that he received ineffective assistance of counsel because his attorney failed to consult with him about the trial court's disclosed

2

potential conflicts of interest.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Seabrook, the former president of the Correction Officers Benevolent Association ("COBA"), was convicted after a jury trial of honest services wire fraud and conspiracy to commit wire fraud stemming from a kickback scheme involving a hedge fund, Platinum Partners. During a pretrial conference at which Seabrook was present with trial counsel, Judge Hellerstein disclosed that he had three relationships that presented potential conflicts of interest in the case: first, with a prosecution witness who had interned for him almost twenty years earlier; second, with the wife of Seabrook's co-defendant, whose parents Judge Hellerstein knew; and third, with Andrew Kaplan, a defendant in a pending Eastern District of New York criminal case and former Platinum Partners executive, with whom Judge Hellerstein and his family had a close friendship. After disclosing these potential conflicts, Judge Hellerstein asked counsel to inform him if they did not want him to preside over the trial.

---

[1] Seabrook's appeal of the denial of his motion for a new trial does not require a certificate of appealability.

Seabrook's attorney responded, "we're comfortable having you as the trial judge." Appellee's Add. 13.

Seabrook brought a habeas petition, contending that his trial counsel's failure to consult with him before declining to seek Judge Hellerstein's recusal constitutes ineffective assistance of counsel. Seabrook also brought a motion for a new trial based on what he claims is new evidence material to his defense. On appeal, Seabrook challenges the dismissal of his habeas petition on the merits, Judge Hellerstein's failure to hold a hearing or provide Seabrook notice before dismissing the petition, and the denial of his motion for a new trial.

## I. Ineffective Assistance of Counsel

"To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced as a result." *Lee v. United States*, 582 U.S. 357, 363 (2017) (quotation marks omitted). Pursuant to this Court's limited certificate of appealability, Seabrook argues that his trial counsel's failure to consult with him before declining to move for Judge Hellerstein's recusal fell below an objective standard of reasonableness because it undermined Seabrook's Sixth Amendment right of autonomy.

4

We disagree. We have previously described the "nature of counsel's choice not to move for recusal in a timely fashion" as "strategic." *United States v. Bayless*, 201 F.3d 116, 130 (2d Cir. 2000). In general, it is not a decision that implicates a defendant's "fundamental choices about his own defense." *McCoy v. Louisiana*, 138 S. Ct. 1500, 1508, 1510–11 (2018); *see United States v. Rosemond*, 958 F.3d 111, 119–21 (2d Cir. 2020). For that reason, we reject Seabrook's argument that counsel's failure to consult with him before declining to seek recusal of the District Court judge violated his Sixth Amendment rights. *Cf. Florida v. Nixon*, 543 U.S. 175, 187 (2004) ("An attorney . . . has a duty to consult with the client regarding important decisions. . . . That obligation, however, does not require counsel to obtain the defendant's consent to every tactical decision.") (quotation marks omitted).

Having concluded that counsel's failure to consult with Seabrook did not impair his Sixth Amendment rights, we need not and do not reach the question of whether Seabrook can show that he was prejudiced as a result of counsel's failure to confer with him before declining to move for Judge Hellerstein's recusal.

## II.    Failure to Hold a Hearing

Seabrook next argues that the District Court erred in dismissing his habeas petition without holding a hearing or notifying Seabrook.  We review the District Court's decision not to grant a hearing for abuse of discretion, *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013), and its decision to dismiss Seabrook's habeas petition without providing advance notice *de novo*, *Ethridge v. Bell*, 49 F.4th 674, 682 (2d Cir. 2022).

Section 2255(b) provides that a district court "shall . . . grant a prompt hearing" upon receiving a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  So "'if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'"  *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (brackets omitted) (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings).  "[A] district court has the power to dismiss the petition on the merits *without prior notice*" if it is clear "that the petitioner is not entitled to relief."  *Ethridge*, 49 F.4th at 682 (quotation marks omitted) (emphasis added); *see also Femia v. United States*, 47 F.3d 519, 524 (2d Cir.

1995) (affirming dismissal without prior notice of a Section 2255 petition where the dismissal was based on the petition's lack of merit), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104–132, 110 Stat. 1214.

Here, the material facts relating to trial counsel's decision not to consult with Seabrook before deciding not to seek Judge Hellerstein's recusal are undisputed. Because counsel was not obligated to confer with Seabrook before deciding whether to seek the recusal, for the reasons set forth above, Seabrook is not entitled to relief. The District Court dismissed Seabrook's habeas petition because it plainly lacked merit. We therefore conclude that the District Court did not err in forgoing a hearing and dismissing Seabrook's habeas petition without prior notice.

### III. Motion for a New Trial

Finally, Seabrook challenges the District Court's denial of his motion for a new trial based on newly discovered evidence: a state civil lawsuit brought by Platinum Partners' investors two years after Seabrook's trial, alleging that they were deceived by Platinum Partners and its outside auditors. *See* Fed. R. Crim. P. 33. Upon review of the District Court's denial of Seabrook's Rule 33 motion

for a new trial for abuse of discretion, *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013), we reject Seabrook's challenge.

As an initial matter, Platinum Partners' alleged fraud is not "newly discovered" evidence, as several Platinum Partners executives were indicted for fraud well before Seabrook's trial took place. *See United States v. Landesman*, 17 F.4th 298, 317 (2d Cir. 2021) (noting that the grand jury returned an eight-count indictment in December 2016). And shortly after the indictment was filed, the Securities and Exchange Commission filed a complaint that alleged similar fraudulent schemes as the indictment. Compl., *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-cv-6848 (BMC) (E.D.N.Y. Dec. 19, 2016).

Furthermore, we are not persuaded that the evidence of the lawsuit is material to Seabrook's conviction. The jury convicted Seabrook based on *his* intent to deprive COBA of honest services by taking bribes. Evidence of Platinum Partners' efforts to conceal its separate and independent fraud, however, does not "directly contradict the government's case" against Seabrook and thus does not "justify the grant of a new trial." *United States v. Jones*, 965

8

F.3d 149, 164–65 (2d Cir. 2020).[2]

We have considered Seabrook's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Seabrook also contends that the evidence would have a material impact on his sentence because it would show that he did not intend for COBA to lose all $19 million, reducing the amount of restitution imposed.  But because this issue was not raised before the District Court, we decline to consider it on appeal.  *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021).