986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Keith FREISINGER, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-2479.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 8, 1993.
Filed: February 19, 1993.
 
 Before JOHN R. GIBSON, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keith Freisinger, a federal inmate, appeals from the district court's[1] denial of his 28 U.S.C. § 2555 motion to vacate his sentences. We affirm.
 
 
 2
 Freisinger was convicted by a jury of one count of possession of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), and four counts of carrying a firearm in relation to a drug trafficking crime, violations of 18 U.S.C. § 924(c)(1). The district court sentenced Freisinger to serve twenty-seven months in prison on the drug count and five years in prison on each gun count, with the sentences on Counts 2, 3, and 5 to be served concurrently with each other and consecutively to the drug count and the sentence on Count 4 to be served consecutively to the sentences on Counts 1, 2, 3, and 5. On direct appeal, this court rejected Freisinger's claims that improper closing remarks by the prosecutor denied him a fair trial; the evidence was insufficient to show that he "carried" the firearms; and section 924(c)(1) did not authorize multiple convictions for carrying more than one firearm in the course of one drug trafficking offense. United States v. Freisinger, 937 F.2d 383, 385-90 (8th Cir. 1991). This court, however, agreed with Freisinger's argument that multiple consecutive sentences were not available for the four firearms convictions and remanded for resentencing. Id. at 390-92. The district court resentenced Freisinger to serve all the firearms sentences concurrently with each other and consecutively to the drug sentence.
 
 
 3
 Freisinger then filed this motion pro se, claiming that: the government presented insufficient evidence to support the drug conviction; the district court erred in admitting expert testimony concerning the modus operandi of drug dealers because it was inflammatory; and the district court erred in not suppressing physical evidence found in his vehicle pursuant to an inventory search after his allegedly unlawful arrest. Additionally, Freisinger claimed that trial and appellate counsel were ineffective for not pursuing these arguments to the fullest extent possible.[2] The district court appointed counsel to represent Freisinger and scheduled an evidentiary hearing. In his trial brief, Freisinger raised additional claims, most notably that the district court erred in not giving an instruction on the lesser-included offense of simple possession, and that counsel were ineffective in not requesting the instruction or appealing the lack of such an instruction. After holding the evidentiary hearing, the district court denied the motion.
 
 
 4
 The government appears to view each of Freisinger's claims as a distinct instance of ineffectiveness of counsel. We construe Freisinger's claims to contain both (1) independent claims for relief-some of which were not raised at trial, and none of which were raised on direct appeal-that were defaulted, allegedly because of ineffective assistance, and (2) a separate claim of ineffective assistance based on counsel's actions or omissions regarding the independent claims for relief. Freisinger must establish "cause" and "actual prejudice" to excuse the defaults in the first category of claims. See United States v. Frady, 456 U.S. 152, 162-68 (1982) (failure to raise a claim at trial or on direct appeal will generally result in waiver of the claim). Ineffective assistance of counsel may constitute "cause." See United States v. Johnson, 707 F.2d 317, 320, 323 (8th Cir. 1983).
 
 
 5
 Because we find that counsel were not ineffective, Freisinger has not established cause to excuse his procedural defaults.
 
 
 6
 We reject Freisinger's argument that counsel were ineffective in failing to challenge the sufficiency of the evidence supporting his drug conviction. We note that trial counsel raised this issue in two motions for acquittal and in a motion for a new trial. Appellate counsel did not raise the issue; however, because the evidence clearly was sufficient to support the conviction, appellate counsel was not ineffective. See Freisinger, 937 F.2d at 387 ("evidence was more than sufficient to support the jury's verdict").
 
 
 7
 We also reject Freisinger's argument that counsel were ineffective for not attacking the admission of allegedly inflammatory expert testimony concerning the modus operandi of drug dealers. At trial, law enforcement officials testified regarding the quality, quantity, and common usage in the drug trade of various items found in Freisinger's vehicle or on his person: 80.3 grams of high purity cocaine, pharmacy folds (also known as "bindles") for packaging, a cutting agent for dilution of the cocaine, burnt spoons for heating or "cooking" drugs, a film container used for storing drugs, straws used for snorting cocaine, guns (some loaded), large amounts of cash, and a police scanner. It was within the district court's discretion to admit this type of testimony, which concerns activities with which most jurors are unfamiliar. See United States v. White, 890 F.2d 1012, 1014 (8th Cir. 1989), cert. denied, 497 U.S. 1010 (1990). The district court, which saw and heard the evidence, is given great deference in this area. Id.
 
 
 8
 Similarly unavailing is Freisinger's argument that counsel were ineffective for failing to obtain suppression of physical evidence found in his vehicle pursuant to an inventory search after his allegedly unlawful arrest. After trial counsel filed a motion to suppress this evidence and statements made by Freisinger at the scene of the arrest, the magistrate judge[3] held an evidentiary hearing on the motion. Trial counsel was successful to the extent that the district court adopted the magistrate judge's recommendation that the statements be suppressed because they were made before Miranda warnings were read to Freisinger. Trial counsel did not object to the magistrate judge's recommendations that the physical evidence not be suppressed because it fell within the inventory-search exception to the Fourth Amendment and that Freisinger's arrest for operating a vehicle under the influence was not pretextual. Appellate counsel did not raise the issue. Based on our review of the record, we conclude that trial counsel was not ineffective in failing to object to the magistrate judge's report: the vehicle was impounded after Freisinger's arrest, and it is clear that the search of the vehicle fell within the inventory-search exception. We also agree with the district court's conclusion that appellate counsel was not ineffective in not raising this issue, because it was "highly unlikely that the arguments presented by [Freisinger] regarding the suppression of the physical evidence would have prevailed on appeal."
 
 
 9
 Finally, we reject Freisinger's argument that counsel were ineffective for not requesting an instruction or challenging the absence of an instruction on the lesser-included offense of simple possession. Freisinger testified at trial (and at the evidentiary hearing on this motion) that he did not know about the cocaine found in his car, and that he had never used or possessed cocaine. Freisinger was not entitled to a simple possession instruction because there was no evidence offered that indicated that he sought to possess it for personal use, and because his defense was ignorance of the cocaine's presence in his vehicle, a completely exculpatory defense. See United States v. Miller, 939 F.2d 605, 609 (8th Cir. 1991).
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David R. Hansen, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge
 
 
 [2]
 Freisinger also contended below that counsel were ineffective in not seeking a downward departure based on his prior knee injuries. He has abandoned this argument on appeal
 
 
 [3]
 The Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa