_____

No. 96-1673NI
_____

United States of America,     *
                               *
          Appellee,       *
                               *  On Appeal from the United
    v.                    *  States District Court for
                               *  the Northern District of
                               *  Iowa.
Victor Essil Quinn,       *
                               *
          Appellant.      *

_____

Submitted:  August 16, 1996

Filed:  August 30, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON and ROSS, Circuit
    Judges.
_____

RICHARD S. ARNOLD, Chief Judge.


Victor Essil Quinn was convicted after a trial of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The Guideline range for his sentence was 262 months to 327 months, but the District Court departed below the Guidelines on account of an extraordinary physical impairment, see USSG § 5H1.4, and sentenced Quinn to ten years' imprisonment on both counts, the terms to run concurrently.  (Defendant has a serious kidney disorder and may need a transplant.)  Quinn appeals, arguing that the prosecution was barred by the Double Jeopardy Clause of the Fifth Amendment.

Quinn's double-jeopardy argument is based on the fact that the State of Iowa had previously forfeited, in a proceeding characterized as civil under state law, certain personal property, including $2,620 in cash, a scale, some baggies, and a few other small items. The District Court[1] rejected this argument on two independent grounds: the Double Jeopardy Clause does not bar successive prosecutions by different sovereigns, and Quinn was never placed in jeopardy in the state forfeiture proceeding, since he did not contest it. On appeal, Quinn argues that the state forfeiture proceeding was dominated and controlled by the United States, thus qualifying him for an exception to the dual-sovereignty doctrine, see Bartkus v. Illinois, 359 U.S. 121 (1959), and that, because he became a party to the state-court forfeiture proceeding by signing a stipulation to settle it, he does meet the requirement of former jeopardy.

The District Court appears to have been right with respect to both of its holdings, but we need not pursue the matter further than to cite the Supreme Court's recent opinion in United States v. Ursery, 116 S. Ct. 2135 (1996). Ursery holds that civil forfeiture proceedings are not, in the absence of extraordinary circumstances, punitive for double-jeopardy purposes. We see nothing in the present case to take it out of the general rule announced in Ursery. We observe, in addition, that even apart from Ursery, most of the items forfeited in the state proceeding were either proceeds or tools of Quinn's drug-trafficking offense. The proceeding to forfeit them would therefore, in any event, even before the decision in Ursery, have been considered remedial rather than punitive.

Affirmed.

---

[1]The Hon. Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

A true copy.

Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.