_____

No. 96-1766
_____

Keith Freisinger,                    *
                                     *
         Appellant,                  *
                                     *  Appeal from the United States
    v.                               *  District Court for the
                                     *  Northern District of Iowa.
United States of America,            *
                                     *       [UNPUBLISHED]
         Appellee.                   *
                          _____

          Submitted:  December 18, 1996

            Filed:  December 26, 1996
                          _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
                          _____

PER CURIAM.


     In 1990, a jury found Keith Freisinger guilty of one count of
possessing cocaine with intent to distribute and four counts of
carrying a firearm in relation to a drug-trafficking crime.  We
affirmed the conviction on direct appeal, United States v.
Freisinger, 937 F.2d 383 (8th Cir. 1991), and later affirmed the
denial of his initial § 2255 motion, Freisinger v. United States,
No. 92-2479, 1993 WL 40836 (8th Cir. Feb. 19, 1993) (per curiam).
In 1995, Freisinger filed the instant § 2255 motion.  The district
court[1] summarily denied the motion, and we again affirm.


     Freisinger first argues that his conviction in federal court
violated the Double Jeopardy Clause because his property was
previously forfeited in Iowa state civil proceedings.  This claim

_____

[1]The HONORABLE MICHAEL J. MELLOY, Chief Judge, United States
District Court for the Northern District of Iowa.

is foreclosed by <u>United States v. Ursery</u>, 116 S. Ct. 2135, 2147-49 (1996), and <u>United States v. Quinn</u>, 95 F.3d 8 (8th Cir. 1996). He next argues that his firearm conviction was unlawful in light of <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995). However, his reliance on <u>Bailey</u> is misplaced because he was convicted of "carrying" a firearm. <u>See</u> <u>United States v. Willis</u>, 89 F.3d 1371, 1378-79 (8th Cir.), <u>cert. denied</u>, 117 S. Ct. 273 (1996). He next argues that his constitutional rights were violated when a urine sample was taken while he was in custody. The district court properly denied that claim as an abuse of the writ. <u>See</u> <u>United States v. Fallon</u>, 992 F.2d 212, 213 (8th Cir. 1993) (<u>McCleskey</u> standard applies to second § 2255 motion); <u>Cornman v. Armontrout</u>, 959 F.2d 727, 729 (8th Cir. 1992) (pro se status and lack of legal knowledge do not constitute "cause").

Finally, Freisinger argues for the first time on appeal that this court erred on direct appeal when we construed 18 U.S.C. § 924(c) as permitting multiple firearm charges during a single drug-trafficking offense. <u>See</u> <u>Freisinger</u>, 937 F.2d at 388-90. That issue is not properly before us.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-