104 F.3d 363
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Keith FREISINGER, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-1766.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 18, 1996.
Decided Dec. 26, 1996.
 
 Appeal from the United States District Court for the Northern District of Iowa.
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1990, a jury found Keith Freisinger guilty of one count of possessing cocaine with intent to distribute and four counts of carrying a firearm in relation to a drug-trafficking crime. We affirmed the conviction on direct appeal, United States v. Freisinger, 937 F.2d 383 (8th Cir.1991), and later affirmed the denial of his initial § 2255 motion, Freisinger v. United States, No. 92-2479, 1993 WL 40836 (8th Cir. Feb. 19, 1993) (per curiam). In 1995, Freisinger filed the instant § 2255 motion. The district court[1] summarily denied the motion, and we again affirm.
 
 
 2
 Freisinger first argues that his conviction in federal court violated the Double Jeopardy Clause because his property was previously forfeited in Iowa state civil proceedings. This claim is foreclosed by United States v. Ursery, 116 S.Ct. 2135, 2147-49 (1996), and United States v. Quinn, 95 F.3d 8 (8th Cir.1996). He next argues that his firearm conviction was unlawful in light of Bailey v. United States, 116 S.Ct. 501 (1995). However, his reliance on Bailey is misplaced because he was convicted of "carrying" a firearm. See United States v. Willis, 89 F.3d 1371, 1378-79 (8th Cir.), cert. denied, 117 S.Ct. 273 (1996). He next argues that his constitutional rights were violated when a urine sample was taken while he was in custody. The district court properly denied that claim as an abuse of the writ. See United States v. Fallon, 992 F.2d 212, 213 (8th Cir.1993) (McCleskey standard applies to second § 2255 motion); Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir.1992) (pro se status and lack of legal knowledge do not constitute "cause").
 
 
 3
 Finally, Freisinger argues for the first time on appeal that this court erred on direct appeal when we construed 18 U.S.C. § 924(c) as permitting multiple firearm charges during a single drug-trafficking offense. See Freisinger, 937 F.2d at 388-90. That issue is not properly before us.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE MICHAEL J. MELLOY, Chief Judge, United States District Court for the Northern District of Iowa