Reid v. Simmons, et al.                    CV-89-152-M    03/26/97
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE


Gordon C. Reid

          v.                                    Civil No. 89-152-M

Officers Gary Simmons, Ronald Paul,
James Ahern, and Richard Gilman


                         **O R D E R**


     A number of motions are again pending in this civil rights

action arising from Gordon Reid's arrest and prosecution on

charges of sexual assault of a six-year-old girl ("Misty").

Plaintiff's remaining claims (state law claims for false arrest

and malicious prosecution, and a federal procedural due process

claim for withholding exculpatory evidence) are pending against

four City of Manchester police officers.  See Reid v. State of

New Hampshire, 56 F.3d 332 (1st Cir. 1995) (providing factual and

procedural background, affirming dismissal of claims against some

defendants, explaining remaining causes of action, and remanding

for further proceedings).  Basically, Reid asserts that the

police defendants had information in their possession, when he

was arrested and during his criminal prosecution, which was

exculpatory in character and which effectively undermined the

validity of the proceedings against him, but which they

wrongfully concealed.  In particular, Reid contends that police

reports related to two prior complaints of sexual assault involving Misty (the 1985 and the 1986 reports), and Department of Children and Youth Services ("DCYS") reports about relevant family history, fall into that category. The currently pending motions are resolved as follows.

**Documents 153  Defendants' Motion for Summary Judgment**
**and 165  Plaintiff's Motion for an Extension of Time**

Defendants have filed a second motion for summary judgment in which they argue that the undisputed facts of record show that they had no knowledge of the prior DCYS reports related to Misty and her family when plaintiff was arrested and prosecuted; that they owed plaintiff no legal duty to disclose the two police reports of prior incidents involving Misty; and that in any event probable cause existed to arrest and hold Reid on charges of sexual assault. In response, Reid moved for an extension of time to object to the motion on grounds that the defendants still had not properly answered his first set of interrogatories related to the police investigation and their involvement in providing information to prosecutors in his case. Thereafter, Reid and defendants filed a series of motions and objections related to discovery in this case.

Although defendants are well aware that the First Circuit reversed this court's earlier entry of summary judgment in their

2

favor, and remanded the case for additional discovery relevant to Reid's claims, defendants have not addressed the discovery issues raised by Reid in their opposition to Reid's motion for an extension. The court will first examine Reid's motion to determine whether it complies with the requirements of Federal Rule of Civil Procedure 56(f).[1]

To avoid summary judgment under Rule 56(f), the objecting party must "(1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue and (2) demonstrate good cause for failure to have conducted discovery earlier." Reid, 56 F.3d at 341 (internal quotation omitted). Reid says in his motion, supported by his own affidavit, that defendants have yet to answer some of the interrogatories propounded in his first set, originally sent to defendants in January 1993, and sent again in January 1996. He contends that he cannot adequately respond to defendants' assertion that they were not involved in providing materials to the prosecutors in his criminal case until he obtains "proper

_____

[1] Defendants' argument that Reid's motion was not filed in a timely fashion necessarily fails as time was extended to August 9, 1996, for Reid's response (see Order, document number 155 dated July 9, 1996) and his motion was filed on that date. Nevertheless, the court notes that the protection afforded by Rule 56(f) ordinarily should be invoked within a reasonable time of receiving a motion for summary judgment, which requirement is being stretched in this case in Reid's favor. See Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996).

3

answers" to the propounded interrogatories. He also contends that the Hillsborough County Attorney's file in his criminal case, which is the subject of a pending subpoena duces tecum and a Rule 45(d)(2) objection, is necessary to show when the prosecutors received the police and DCYS reports about Misty and her family as well as the significance of that information during the prosecution of his case.

The First Circuit decided that Reid is entitled to discovery on those issues before he is required to respond to defendants' motion for summary judgment. Reid, 56 F.3d at 341-42. Apparently, discovery continues to stagnate despite the First Circuit's directive and the discovery orders subsequently issued by this court.[2]

As defendants have not shown that the discovery sought by Reid has in fact been produced, or is unnecessary,[3] Reid's Rule

_____

[2] Defendants' obvious reluctance to comply with discovery requirements and to facilitate other necessary discovery is mildly surprising given their position on the merits, the fact that failure to comply merely delays the resolution of this case, and that unwarranted discovery disputes directly increase legal costs to clients or their insurers.

[3] In defendants' motion for summary judgment, although not in their objection to Reid's Rule 56(f) motion, defendants say that they have disclosed the police reports about Misty. Cf. Reid, 56 F.3d at 340 n.17. Defendants' attachments to their motion for summary judgment include a copy of the state court decision setting aside Reid's convictions on sexual assault charges in which the state trial judge found and ruled that Manchester Police Officer Simmons (one of the defendants in this

4

56(f) motion (document no. 165) is granted; defendants' motion for summary judgment (document no. 153) is denied without prejudice refiling an appropriate summary judgment motion when all required discovery is complete.

**Document 160   Plaintiff's Motion for Access to Law Library**

As plaintiff has withdrawn it (see document no. 181), his motion for access to the law library (document no. 160) is denied as moot.

**Document 177   Plaintiff's Motion for Enlargement of Completion of Discovery Date**

The date for completion of discovery in this case was set by pretrial order as October 1, 1996. See Pretrial Order (document no. 116) Dec. 5, 1995. Long before October, the parties fell into discovery disputes requiring intervention by the court. See

---

case) referred to his reports of the two incidents (involving Misty) during Reid's probable cause hearing and that the state was "on notice" from that time that the reports existed. See State v. Reid, Nos. S-86-1819, S-86-1820, S-86-1821, (N.H. Sup. Ct. Oct. 13, 1988). When defendants again move for summary judgment, following completion of necessary discovery, that issue is likely to fall from this case by application of the doctrine of collateral estoppel. In contrast, defendants' interrogatory answers, which state that they do not recall a DCYS file, do not resolve the issue of when they may have had access to DCYS information about Misty and her family and whether they provided any available information to the prosecutors in Reid's case.

Order (document no. 154) dated July 9, 1996.  The discovery deadline of October 1, 1996, precludes all new discovery. However, to the extent that discovery initiated prior to the deadline remains incomplete, the deadline is stayed, and obligations arising from such discovery requests shall be completed expeditiously and in accord with the orders of this court.  Plaintiff's motion to enlarge the discovery deadline (document no. 177) is otherwise denied.

**Document 179    Plaintiff's Motion for Subpoena Duces Tecum II
(For File Prepared in Criminal Defense)**

Reid seeks the court's assistance in recovering the original file prepared by his counsel while representing Reid during his state criminal case, which he identifies as <u>State of New Hampshire v. Gordon Reid</u>, 86-1819-221.  Reid says that he was represented by James McNamee when McNamee was with the law firm of Sullivan and Gregg in Nashua, New Hampshire.  Attorney McNamee, who no longer practices with Sullivan and Gregg, directed Reid to contact Anne Fabian at that firm to access his file.  Reid attaches a copy of his letter to Ms. Fabian, dated August 13, 1996, and attests in his affidavit that he has not received a response.  Defendants do not object to Reid's efforts to recover his file from Sullivan and Gregg but ask that Reid

provide them with copies of records in the file pertaining to the DCYS or Easter Seal files.

Mr. McNamee and the Sullivan and Gregg firm are obligated to respond to Reid's request for his file. See N.H. Rule of Prof. Conduct 1.16(d); see also Spivey v. Zant, 683 F.2d 881, 884-86 (5th Cir. 1982). Accordingly, the clerk shall prepare and issue a subpoena duces tecum to the Sullivan and Gregg law firm to produce, within fourteen (14) days of the date of the subpoena, either the originals or copies of all papers and materials generated during and related to Attorney McNamee's representation of Gordon Reid, or file an appropriate objection within the same time period. See Fed. R. Civ. P. 45(c)(2)(B). A copy of the plaintiff's "Motion for Issuance of Subpoena Duces Tecum II" (document no. 179) and this order shall be attached to the subpoena, and a copy of the subpoena shall be mailed by the clerk to the plaintiff and to defendants' counsel. The subpoena shall be delivered to the United States Marshall for service on the Sullivan and Gregg law firm in Nashua, New Hampshire.

Defendants' request for copies of materials thought to be in Reid's file is directed to Reid as a discovery request. See, Fed. R. Civ. P. 34(a). Plaintiff's motion for a subpoena duces tecum (document no. 179) is granted as provided herein.

**Document 180    Plaintiff's Motion for Subpoena Duces Tecum III**
**(To DCYS for Files)**

Reid moves for a subpoena duces tecum to require DCYS to produce an original certified copy of its file pertaining to Misty P. and her family.  More specifically, Reid seeks copies of files or materials about Misty and her family which existed at the time of his arrest and criminal prosecution for sexual assault of Misty.  The DCYS reports about Misty and her family and defendants' knowledge of the reports and their access to the information are essential to Reid's claims.  See Reid, 56 F.3d at 341.  Accordingly, the clerk shall prepare and issue a subpoena duces tecum to the New Hampshire Department of Children and Youth Services to produce, within thirty (30) days of the date of the subpoena, certified original copies of the file pertaining to Misty P. and her family during the relevant time period, or file an appropriate objection within the same time period.  See Fed. R. Civ. P. 45(c)(2)(B).  A copy of the plaintiff's "Motion for Issuance of Subpoena Duces Tecum III" (document no. 180) shall be attached to the subpoena, and a copy of the subpoena shall be mailed by the clerk to Reid and to defendants' counsel.  The subpoena shall be delivered to the United States Marshall for service on DCYS in Concord, New Hampshire.  A copy of any documents produced in response to the subpoena by DCYS shall also be provided to defendants, but at their expense.

8

**Documents 159  Objection to Service of Process**
        **167  Plaintiff's Motion for a Protective**
  **and 168  Order and Plaintiff's Motion to Compel Compliance**
          **with Subpoena Duces Tecum**

In response to an earlier motion by plaintiff, the court ordered a subpoena duces tecum to issue to the Hillsborough County Attorney to provide copies of files in that office related to Reid's criminal prosecution. The Hillsborough County Attorney filed a timely objection to the subpoena on grounds that copying the file would be unduly burdensome, that the parties already are in possession of the nonprivileged information in the file, and that the remaining materials are protected by the attorney work product doctrine. The Hillsborough County Attorney also suggests alternative relief: that the subpoena be quashed, that discoverable materials in the file be determined at a hearing, or that the court conduct an <u>in camera</u> review of the file for discoverable materials. Reid moves to compel compliance with the subpoena as issued on grounds that he never had all of the materials and does not have those that were provided to his counsel during his criminal case. Based on Reid's affidavit, it appears that he is most interested in the two police reports, the DCYS and Easter Seal files pertaining to Misty and her family, and investigative notes in the County Attorney's file. In addition, Reid moves for a protective order to prevent the

9

Hillsborough County Attorney from releasing to defendants "inmate incident reports" pertaining to Reid.

To avoid further delay and protracted litigation over production of the contents of the file, the Hillsborough County Attorney shall deliver the entire file to the court within fourteen (14) days of the date of this order for in camera review to resolve its discoverability. Once in camera review is complete, the court will issue an order as to what materials shall be produced and how the discoverable materials shall be provided to the parties. In the meantime, the Hillsborough County Attorney shall not provide copies of any materials in the file to any parties in this litigation.

Plaintiff's motion to compel (document no. 168) and motion for a protective order (document no. 167) are granted to the extent described in this order. Hillsborough County Attorney's Objection (document no. 159), to the extent it suggests in camera review is sustained (granted).

**Document 182    Plaintiff's Motion to Compel Answers to Set I Interrogatories**

Reid moves to compel defendants to answer his "Set I Interrogatories," but does not include a copy with his motion.[4]

---

[4] Plaintiff is directed to the Local Rules of this district which require parties to include a copy of the discovery document

The court assumes that plaintiff refers to the interrogatories that he originally propounded to defendants in the early stages of this litigation. Defendants say that they answered and stated objections to the interrogatories and that Reid's motion to compel answers was denied before the court granted summary judgment in favor of defendants in February 1993. Defendants seem to believe that their obligation to answer was then terminated. However, as they well know, the decision of the Court of Appeals in this case <u>reinstated</u> plaintiff's discovery requests and determined that plaintiff is entitled to certain information.

In its decision the First Circuit noted that the police defendants had been ordered to answer interrogatories and to respond to requests for production of documents in 1992 and thereafter Reid filed repeated motions to compel. <u>Reid</u>, 56 F.3d at 341-42. The First Circuit determined that the defendants had never complied with the order to respond to the interrogatories and held, "Reid was entitled to receive responses to the unanswered interrogatories as previously ordered by the court, and the additional discovery requested in the Rule 56(f) motion." <u>Reid</u>, 56 F.3d at 342.

that is the subject of motions to compel or for protective orders. <u>See</u> L.R. 37.1.

11

Accordingly, as it appears that the First Circuit was likely referring to plaintiff's first set of interrogatories, which apparently is also the subject of Reid's pending motion to compel, defendants shall answer plaintiff's first set of interrogatories or state appropriate objections and serve their answers and (or) their objections on Reid within thirty (30) days of the date of this order.

Plaintiff's motion to compel (document no. 182) is granted.

**Document 162    Defendants' Motion to Compel Answers to Interrogatories**

Defendants also move to compel Reid to answer interrogatories that were sent to him on December 12, 1995. Defendants state that Reid has neither answered the interrogatories nor filed objections. Reid has not objected to defendants' motion. Accordingly, Reid is ordered to answer defendants' interrogatories as required by the Federal Rules of Civil Procedure and to send his answers (or his objections) to defendants within thirty (30) days of the date of this order. See Fed. R. Civ. P. 33(b). Defendants' motion (document no. 162) is granted.

**Document 178    Plaintiff's Motion for Imposition of Sanctions**

12

Defendants were ordered by this court to answer particular interrogatories propounded in "Interrogatories, Set II" "as candidly, fully, and completely as [they] are able, given the context." Order, (document no. 154) July 9, 1996, at 7. Reid contends that defendants are attempting to avoid answering the interrogatories by offering to send him copies of the two police reports at issue in this case (<u>if</u> he will first agree to preserve the confidentiality of the reports). Reid asks that defendants be sanctioned for failure to answer the particular interrogatories under oath as required by the Federal Rules of Civil Procedure, and as directed in this court's earlier order.

Defendants' response, through counsel, is curiously obfuscating. Defendants admit that they have not answered the interrogatories and have instead attempted to reach some sort of agreement with the plaintiff to provide copies of the police reports, subject to a confidentiality agreement. Defendants' <u>counsel</u> also offers to "stipulate" that "none of the defendants have any knowledge beyond what is in these police reports," and alternatively he offers to obtain affidavits from each of the defendants, although counsel characterizes plaintiff's need for affidavits as "harassing conduct."

Defense counsel entirely misses the point. Defendants were <u>ordered</u> to answer particular interrogatories and, therefore, <u>must</u>

do so in compliance with the court's order and the requirements of the Federal Rules of Civil Procedure. Because the delay in discovery seems to be the result of defense counsel's misapprehension, rather than due to a contemptuous refusal to comply with the court's order by the individual defendants, the court finds sanctions to be inappropriate at this time.

However, defendants **shall answer the interrogatories in the manner specified by this court's order of July 9, 1996, and shall send their answers to Reid within thirty (30) days of the date of this order**. Defendants shall provide full, complete, candid, and _sworn_ answers to the interrogatories and shall in all other respects comply with the requirements of the Federal Rules of Civil Procedure. _See_ Fed. R. Civ. P. 33(b). If police records or other information would provide an appropriate source or augmentation of any of the defendants' answers, those records shall be attached to the interrogatory answers and shall be referenced with sufficient specificity to locate and identify the answer. _See_ Fed. R. Civ. P. 33(d). To the extent that any materials provided by defendants are claimed to be confidential, they shall be appropriately marked. The parties, including Reid, are ordered to preserve the confidentiality of all information so marked during the course of this litigation (i.e. disclose the documents to no one unless necessary for the proper conduct of

14

this litigation) and to return copies of materials marked confidential when this litigation terminates.

Plaintiff's motion for imposition of sanctions (document no. 178) is granted in part as described herein.

**Document 183    Plaintiff's Motion for Clarification of Capacity of Defendants**

Reid moves for "clarification" that his claims against the defendant police officers are brought in both their individual and official capacities. Defendants object on the grounds that Reid's complaints do not raise a claim of official capacity and that he should not be allowed to amend, at this late date, to add official capacity parties.

Claims against individuals in their "official capacity" in § 1983 suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165 (1985)(quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978)). In this case, claims against the police officers in their official capacities, therefore, would in reality be claims against the City of Manchester. "In order to prevail on an 'official capacity' claim, Reid would have to show that the particular governmental entity [the City of Manchester] had an unconstitutional custom or policy, . . . which its

15

representatives were executing with at least the tacit approval of governmental policymakers." Reid, 56 F.3d at 337 (citing Monell, 436 U.S. at 690).

Reid seems to misunderstand the nature of a claim against an individual in his "official capacity." Based on Reid's motion, he seems to intend to sue the police officers as persons acting under color of state law, which is an individual capacity claim under § 1983, but does not seem to be trying to add a claim against the City of Manchester. Although Reid's original complaint, filed on April 3, 1989, describes Officer Simmons as acting in his official capacity, the amended complaint filed on September 22, 1989, (which added Officers Paul, Ahern, and Gilman) does not mention the capacity in which they are sued. The second amended complaint filed on December 27, 1989, (which added Governor John Sununu as a defendant) does not mention the police defendants at all, and the third amended complaint filed on July 2, 1992, describes the police officers as acting individually and jointly but does not mention official capacity. None of the complaints include any allegations that Manchester had some custom or policy that directed, encouraged, or tolerated unconstitutional arrests, unlawful prosecutions, or the wrongful withholding of exculpatory evidence, nor that any of the named defendants acted pursuant to such a policy with the approval of

16

Manchester policymakers.  Thus, Reid has not stated a claim against the defendants in their official capacities, and an amendment to add such a claim at this late date would likely be denied due to obvious prejudice that would inure to the defendants.  Accordingly, Reid's motion to clarify the status of the defendants (document no. 183) is denied as no clarification beyond the discussion above is warranted.

**Documents 190   Plaintiff's Motions for Recusal and**
**and 192   for Ruling**

Plaintiff moves for recusal of this judge pursuant to 28 U.S.C.A. § 455(a).  Section 455(a) directs judges to disqualify themselves if their "impartiality might reasonably be questioned."  The question of a judge's impartiality depends upon whether the facts relied upon by the moving party "'would create a reasonable doubt concerning the judge's impartiality'" in the mind of a reasonable person.  United States v. Voccola, 99 F.3d 37, 42 (1st Cir. 1996) (quoting United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976), cert. denied, 430 U.S. 909 (1977)).

Reid contends that his case has been delayed and that his motions have not been decided expeditiously.  While this case has endured beyond the usual life of civil litigation in this district, having commenced long before this judge took the bench, and Reid's prolific motions have not been resolved as soon as he

17

might have wished, neither situation reflects any bias on the part of the court. Reid's motions have received consideration in the usual course of the court's business, without preference over other pending matters and without placement behind other pending matters. This court endeavors to resolve all pending motions in accordance with time periods consistent with the goals of the Civil Justice Reform Act, and Reid's motions have all been resolved within that period. Reid is entitled to no more. Having carefully considered Reid's motion in light of the factual circumstances of this case, there appears to be no factual basis upon which a reasonable person could doubt the assigned judge's impartiality, and recusal, however personally desirable, would only unfairly transfer the burden of this litigation to another judge of this court.

Accordingly, plaintiff's motion for recusal (document no. 190) is denied. Plaintiff's motion for ruling (document no. 192) is also denied as moot.

**SO ORDERED.**

                                             _____
Steven J. McAuliffe
United States District Judge

March 26, 1997

cc:   Robert G. Whaland, Esq.
       Carolyn M. Kirby, Esq.
       Gordon C. Reid