**Mercier v. General Electric**          **CV-03-125-B**   **07/11/03**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**Gloria Mercier**</u>

    **v.**                              Civil No. 02-61-B
                                    Opinion No. 2003 DNH 125
<u>**General Electric Company**</u>


<u>**MEMORANDUM AND ORDER**</u>

Gloria Mercier brings this action pursuant to the Employee Retirement Income Security Act ("ERISA").  She asserts that her former employer, General Electric Company ("GE"), improperly denied her benefits due under GE's Pension Plan and its Job and Income Security Plan for Hourly Employees.  GE has responded with a motion for summary judgment arguing that it terminated Mercier for cause before her right to benefits accrued.


**I.  BACKGROUND**

Mercier was employed by GE's Meter Business Department at its Somersworth, New Hampshire ("Somersworth") facility from July 1977 to February 20, 2001.  In 1998, GE began to transfer the

Somersworth business operations to other GE locations. The transfer took place over a number of years and resulted in the layoff of approximately 200 hourly employees. GE posted the layoff announcements at the Somersworth facility, which included a list of employees with seniority. GE allowed senior employees to "opt-in" for layoff in return for benefits in accordance with GE's job loss policies.

Based upon GE's postings, Mercier knew as of December 15, 2000 that she was eighth on the seniority list. At approximately the same time, GE announced that a further layoff would occur in April, 2001. Relying on this information, Mercier decided to participate in the April layoff.

Before Mercier could take advantage of the scheduled layoff, GE terminated her because of her repeated failure to comply with company policies. From 1997 until her termination, Mercier received repeated warnings for a variety of violations of policies and rules set forth in GE's employee handbook. Mercier's tardiness and unauthorized absences were particularly egregious, resulting in multiple warnings that continued violations would be grounds for termination.

In October 1999, Mercier signed a "last chance" agreement with GE in which she acknowledged the seriousness of her conduct and promised to comply with GE's rules or face immediate discharge. Although Mercier's conduct improved after she signed the agreement, it soured again in early 2001. Rather than discharge Mercier immediately for these violations, GE issued more warnings. On February 12, 2001, after yet another violation, GE emphatically notified Mercier that no further violations would be tolerated. Nevertheless, on February 19, 2001, Mercier left her work station without authorization. Because of the violation, Mercier's history of disciplinary problems, and her failure to comply with prior warnings, GE terminated her on February 20, 2001.

## II. <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is one "that properly can be resolved

only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one that affects the outcome of the suit. See id. at 248.

In ruling on a motion for summary judgment, I must construe the evidence in the light most favorable to the non-movant. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001). The party moving for summary judgment, however, "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the burden shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 249). Neither conclusory allegations, improbable inferences, or unsupported

speculation are sufficient to defeat summary judgment.  See
Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002).

### III.  ANALYSIS

In her opposition to GE's motion for summary judgement,
Mercier fails to rebut the material facts presented by GE
regarding the circumstances of her termination.  Specifically,
she has offered no evidence to rebut GE's contention that it
terminated her because she repeatedly violated company rules.
Nor has she offered any evidence to support her contention that
GE based its decision to terminate her in part on a desire to
deny her ERISA benefits.[1]  Instead, Mercier claims that her right
to pension and layoff benefits vested before she was terminated
and thus her termination is irrelevant to her claim for benefits.
Mercier invokes the doctrine of promissory estoppel to support
this argument.

Promissory estoppel claims in the ERISA context are only
viable with respect to former employees who participate in a

---

[1]  Accordingly, Mercier has no claim that GE violated ERISA
by terminating her in an effort to deprive her of pension and
layoff benefits.

layoff or early retirement plan in reliance on the company's promise to pay particular benefits. See e.g., Abbruscato v. Empire Blue Cross and Blue Shield, 274 F.3d 90, 101 (2nd Cir. 2001); Panto v. Moore Business Forms, Inc., 130 N.H. 730 (1988) (employee chose layoff based on company's written policy; employee's reliance on layoff policy could create viable contract claim). Mercier's estoppel claim fails because she did not participate in GE's layoff plan. Instead, she was fired for cause before she could participate. While Mercier may well have planned to continue working at GE until she was able to take advantage of a future layoff, GE never promised to retain her until she could fulfill her plan. Accordingly, Mercier's alleged promissory estoppel theory is not viable.

## IV.  CONCLUSION

It is undisputed that Mercier was properly fired for failing to comply with GE's rules and policies. She was not laid off and, thus, is not entitled to layoff benefits. Accordingly, Mercier's claim fails as a matter of law. GE's motion for summary judgement (Doc. No. 24) is granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 11, 2003

cc:  Robert E. Fisher, Esq.
     Barry A. Buryan, Esq.