

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# Milovanovic v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4417

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Milovanovic v. Samuels" (2008). *2008 Decisions.* Paper 1695.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1695

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07- 4417
_____

GORAN MILOVANOVIC,
Appellant

v.

CHARLES E. SAMUELS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-02593)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2008
Before:  SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Opinion filed: January 28, 2008)

———

OPINION

———

PER CURIAM

     Goran Milovanovic, a prisoner at FCI Fort Dix, New Jersey, appeals the District

Court's dismissal of a petition he filed pursuant to 28 U.S.C. § 2241.  Because the appeal

presents no substantial question, we will summarily affirm the judgment of the District

Court pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.

## I.

In 2005 Milovanovic pled guilty in the United States District Court for the Middle District of Florida to a drug offense. The court sentenced him to 78 months' imprisonment, to be followed by three years' supervised release. Milovanovic did not appeal but instead filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence. The motion was denied. While his appeal from that decision was pending, Milovanovic sought leave from the United States Court of Appeals for the Eleventh Circuit to file another § 2255 motion. Leave was denied without prejudice.

In 2006 Milovanovic filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, arguing that his term of supervised release should be included within the 78 months sentence and that the District Court had sentenced him for an offense with which he had not been charged. The District Court dismissed the petition for lack of jurisdiction, reasoning that Milovanovic's claims should have been brought under § 2255. Milovanovic appealed, but we granted his subsequent motion to dismiss the appeal. C.A. No. 06-3206.

In 2007 Milovanovic filed another § 2241 petition. In this petition he repeats, albeit in greater detail, his challenge to the execution of his sentence. He evidently believes that 78 months is the full extent of his sentence, including his term of supervised release. Thus, Milovanovic argues that his term of incarceration should be 78 months

2

minus 36 months (supervised release) minus ten months (good time), i.e., 32 months. Milovanovic, who no longer argues that the sentencing court imposed a sentence for an offense with which he was not charged, insists that he is not challenging his conviction or sentence, merely its execution, and thus may proceed under § 2241 rather than § 2255.

The District Court dismissed the petition on three alternative grounds: abuse of the writ (see Zayas v. INS, 311 F.3d 247 (3d Cir. 2002)); lack of jurisdiction (because the claim should have been presented via § 2255); and as meritless. This appeal followed.[1]

## II.

We agree with Milovanovic that his claim challenges merely the execution of his sentence and thus falls under § 2241 rather than § 2255. As a result, the District Court had jurisdiction to entertain it. We need not address whether Milovanovic's claim is barred as an abuse of the writ[2] because it is plainly meritless. As the District Court explained, the terms of his judgment require Milovanovic "to be imprisoned for a total term of SEVENTY-EIGHT (78) MONTHS . . . . Upon release from imprisonment, the

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's judgment de novo. Zayas, 311 F.3d at 252-253.

[2] In Milovanovic's case the District Court raised abuse of the writ sua sponte and did not provide Milovanovic an opportunity to respond to the issue. However, the Supreme Court has explained that the respondent bears the burden of pleading abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 494-495 (1991). Courts have held that a district court may not raise the defense sua sponte unless it provides the petitioner an opportunity to respond. See Femia v. United States, 47 F.3d 519 (2d Cir. 1995), United States v. Fallon, 992 F.2d 212 (8th Cir.1993). Besides, Milovanovic's claim was not addressed on the merits in his prior § 2241 petition. See Sanders v. United States, 373 U.S. 1, 17 (1963).

3

defendant shall be on supervised release for a term of THREE (3) YEARS . . . ." It could hardly be more clear that the term of supervised release is consecutive to the term of imprisonment, and that it is the term of imprisonment, not the overall length of the sentence, that is 78 months. The language of 18 U.S.C. § 3583(a) relied on by Milovanovic – "the court in imposing a sentence to a term of imprisonment . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment" – does not support his contention that 78 months is the full duration of his sentence, including supervised release. Indeed, § 3624(e) unambiguously provides otherwise. See United States v. Johnson, 529 U.S. 53, 56-57 (2000).

Accordingly, we will affirm the judgment of the District Court.